IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
NUTRIEN AG SOLUTIONS,      )
INC.,                      )
                           )
     Plaintiff,            )
                           )     CIVIL ACTION NO.
     v.                    )      2:24cv200-MHT
                           )          (WO)
OSCAR HAMILTON,            )
                           )
     Defendant.            )
```

OPINION

Plaintiff Nutrien Ag Solutions, Inc. filed this action for breach of contract against defendant Oscar Hamilton. Jurisdiction is proper under 28 U.S.C. § 1332 (diversity). The clerk of court previously entered default against Hamilton at the request of Nutrien. This cause is now before the court on Nutrien's motion for default judgment, which seeks damages in the amount of $ 281,843.99, which, in turn, includes principal in the amount of $ 214,519.15, finance charges/interest in the amount of $ 60,648.89, and default penalty fees in the amount of $ 6,675.95;

attorneys' fees in the amount of $ 1,761.00; and costs in the amount of $ 773.99. Nutrien also seeks the additional finance charges/interest that has accrued between the time it filed its supplemental affidavit and the entry of judgment.

## I. DEFAULT-JUDGMENT STANDARD

Default alone does not warrant entry of a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)). "[A] default is not 'an absolute confession by the defendant of his liability and of the plaintiff's right to recover,' but is instead merely 'an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability.'" *Capitol Recs. v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007) (Steele, J.) (citations omitted). However, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of

2

law." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (emphasis omitted).*

A default judgment, including the specific nature and extent of the relief sought, must be adequately supported in the record. *See Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters."). Besides the pleadings, a court may consider affidavits and declarations. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 111 (6th Cir. 1995) ("Use of affidavits in granting default judgments does not violate ... due process[.]").

## II. FACTUAL BACKGROUND

Based on the well-pleaded factual allegations of the complaint and the affidavits submitted by Wendy

---

* In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Glass, Patrick L. W. Sefton, and Jeff Cochran in support of the motion for default judgment, the court finds the following facts.

On February 16, 2023, Hamilton signed a credit agreement that obligated him to repay Nutrien for the value of goods and services it provided to his farming operation.  As of January 31, 2025, based on Cochran's affidavit, Hamilton owed Nutrien $ 214,519.15 in principal, $ 60,648.89 in finance charges/interest, and $ 6,675.95 in default penalty fees, for a total amount of $ 281,843.99.  Finance charges/interest accrued on the principal balance at a rate of 18 % per annum, which is $ 3,217.78 per month.  In the event of default, the agreement required Hamilton to pay Nutrien's attorneys' fees and costs.

Hamilton failed to pay for the farming goods and services Nutrien supplied.  Nutrien filed this lawsuit against Hamilton on April 1, 2024, seeking to recover the full amount due under the credit agreement, plus fees and costs.  Six days later, Nutrien served

Hamilton with a summons and a copy of the complaint. *See* Proof of Service (Doc. 5).  Hamilton did not answer the complaint.

On June 4, 2024, Nutrien applied for an entry of default, filed a motion for default judgment, and mailed a copy of the motion to Hamilton.  The court of clerk entered default against Hamilton on June 27, 2024.  *See* Clerk's Entry of Default (Doc. 8).  At no point during the proceedings to date has the court heard from Hamilton.

### III. DISCUSSION

As an initial matter, the court finds that a hearing is not required on Nutrien's motion for default judgment.  While "[t]he court may conduct hearings ... when, to enter or effectuate judgment, it needs to: ... determine the amount of damages," Fed. R. Civ. P. 55(b)(2), "Rule 55 does not require that testimony be presented as a prerequisite to the entry of a default judgment...."  10A Fed. Prac. & Proc. Civ.

5

§ 2688 (4th ed. (June 2024)).  As the outstanding balance Nutrien now seeks is supported by affidavits and does not require expert evidence or complex calculations, there is no need for a hearing here.

Nutrien has shown its entitlement to breach-of-contract damages in the amount of $ 281,843.99, attorneys' fees in the amount of $ 1,761.00, and costs in the amount of $ 773.99.  The breach-of-contract damages include the principal, finance charges/interest, and default penalties. Additionally, the credit agreement provides for the recovery of attorneys' fees and costs, and the affidavit submitted by Nutrien's attorney corroborates the amounts Nutrien now seeks.  After review of the affidavit, and, in the absence of any objection from Hamilton, the court concludes that the hourly rates requested and time expended are reasonable and necessary to litigate this matter.

Finally, Nutrien seeks the finance charges/interest that has accrued between the time it filed its

6

supplemental affidavit and the entry of judgment.

An appropriate judgment will be entered.

DONE, this the 19th day of February, 2025.

                                      /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**